# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ANAGRAM INTERNATIONAL, LLC,

      Plaintiff,

v.

MISTY DAYDREAM, et al.,

      Defendants.

Civil Action No. 26-cv-458-MHC

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION TO DROP MISJOINED PARTY

Plaintiff files this Opposition to Defendant Csimyun's (DOE 253) Motion to

Drop Misjoined Party (Doc. 58) and states as follows:

## I.    Introduction

Defendant is properly joined because Plaintiff's claims arise from the same

series of transactions involving the same e-commerce platforms, infrastructure, and

infringing products, and present common questions of law and fact. From a practical

standpoint, joinder is necessary to preserve judicial resources, as joinder avoids

thousands of individual, but nearly identical lawsuits.

## II.    Argument

Csimyun argues that it is unlike the other Defendants because Plaintiff's claim

against Csimyun "concerns only the use of advertising imagery, not the manufacture

or sale of counterfeit balloons." (Brief p. 1 (Doc. 58)). Defendant also argues that Plaintiff's joinder argument is "conclusory" and "based on unsupported allegations." (Brief, p. 1 (Doc. 58)).

First, Plaintiff's claim against Csimyun does not relate only to Csimyun's advertising imagery. While Defendant contends it "just" sells a balloon stand, Defendant sells balloons with it, which are counterfeit. Based on its own description (*See Ex.* 3, p. 254 and shown below), Defendant is offering a "Metal Telescopic Pillar Balloon Stand, Birthday Party, Graduation, Wedding Christmas *Decorations*." (Emphasis by Plaintiff). And Defendant's photograph shows more than just a stand but also balloons, i.e., "decorations." Thus, both Defendant's photograph and product description lead consumers to believe "decorations," the balloons pictured in Defendant's ad, are included in the sale. Thus, like the other Defendants, Csimyun is offering for sale counterfeit foil balloons.



Second, even the use of Plaintiff's intellectual property in any of the Defendants' advertisements is actionable. And the Complaint repeatedly mentions Defendants' unauthorized use of Plaintiff's registered trademarks and copyrights in their *advertisements*. (Complaint, ¶¶15, 33, 45-48 and 53).

Rule 20(a)(2) provides that defendants may be joined in an action if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." There is "no rigid rule as to what constitutes the same series of

3

transactions or occurrences for purposes of joinder under Rule 20." (*Wimby v. Outback Steakhouse Int'l, L.P.*, No. 08-CV-0867, 2008 WL 11319916, at *3 (N.D. Ga. Oct. 3, 2008)).

Judicial economy is another important consideration when assessing joinder. The Supreme Court has instructed district courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy: "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." (*United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1137, 16 L. Ed. 2d 218 (1966)). Disallowing joinder in this case would result in Plaintiff having no alternative but to file 294 separate lawsuits, which would certainly overwhelm judicial resources.

Also, Defendant turns a blind eye to the liberal joinder standards of the Eleventh Circuit and to the practical realities of modern e-commerce counterfeiting. Under Federal Rule of Civil Procedure 20, joinder does not require "concerted action" or a "shared enterprise"; it requires only that the claims arise from the same "series of transactions or occurrences" and share "any question of law or fact." (Fed. R. Civ. P. 20(a)(2)).

In the Eleventh Circuit the "same transaction or occurrence" requirement is interpreted broadly through the "logical relationship" test. (*See Alexander v. Fulton*

4

*Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (overruled on other grounds) (emphasizing that Rule 20(a) is to be "liberally interpreted" to promote judicial economy)). A logical relationship exists where the claims "arise from the same aggregate of operative facts." (*See, e.g., Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).

Here, the operative facts are identical for all Defendants. Each uses the same online marketplace platforms (namely, Amazon, eBay, AliExpress), so the platform mechanics are identical for all Defendants. Each Defendant uses the same digital payment and shipping channels and each targets the same domestic market. Each is selling the same or similar infringing product, namely, a copy of one of Plaintiff's popular foil balloons. (Complaint, ¶¶11-15 and 21-27). All this also means that the evidence and other proof necessary for Plaintiff to collect and present will be the same for all Defendants. These facts are alleged in the Complaint and make this a proper case for joinder.

There is an additional common question, which is the validity and ownership of Plaintiff's trademarks and copyright registrations. That is a threshold issue that will arise in every single claim, which also makes joinder the most efficient path for this Court.

As Defendant points out, Plaintiff has filed Schedule A in the Northern District of Illinois. Most concluded with permanent injunctions and default judgments. A few

that were assigned to other judges proceeded differently. Defendant just cherry-picks the ones it believes helps its arguments and ignores the others. In any event, those cases are not binding on this Court. Rather, this Court's handling of Schedule A cases has been consistent with the Eleventh Circuit's "impulse [] toward entertaining the broadest possible scope of action consistent with fairness to the parties." (*United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)).

Lastly, even if joinder is improper, Defendant should be severed, not dropped. Defendant's recitation of Rules 20 and 21 is incomplete and does not support it being dropped. Rule 21 gives the Court broad discretion to manage the case in a manner that promotes efficiency and avoids unnecessary duplication; the Rule does not force the Court to drop Defendant. Severing this Defendant would not only create an insurmountable administrative burden on the Court but also give this foreign entity freedom to continue account hopping and shifting assets between storefronts, while Plaintiff is forced to litigate hundreds of separate, identical actions. Without joinder, Plaintiff would face substantial difficulties in obtaining effective relief.

## III.    **Conclusion**

Defendant was properly joined because Plaintiff's claims arise from the same series of transactions involving the same or similar e-commerce platforms, infrastructure, and infringing products, and present common questions of law and

6

fact, making joinder appropriate under Rule 20 and necessary to promote judicial economy.

Date: April 22, 2026

Respectfully submitted,

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Abby Neu
Georgia Bar No. 200207
**WHITEWOOD LAW PLLC**
5555 Glenridge Connector, Suite 200
Atlanta, GA 30342
Telephone: (404) 663-3349
Email: david@whitewoodlaw.com

*Counsel for Plaintiff*

7

## CERTIFICATE OF FONT & SIZE SELECTION

Pursuant to LR 7.1(D), I certify that this paper was prepared with one of the font and point selections approved by the Court in LR 5.1(B).

Date: April 22, 2026                    Respectfully submitted,

*/s/ David M. Lilenfeld*
David M. Lilenfeld
