**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ANAGRAM INTERNATIONAL LLC,

     Plaintiff,

v.

MISTY DAYDREAM, et al.,

     Defendants.

Civil Action No. 26-cv-458-MHC

**[PROPOSED] STIPULATED PRELIMINARY INJUNCTION ORDER**

THIS CAUSE comes before the Court following Defendant Lovestown's Emergency Motion to Modify Preliminary Injunction Order (Doc. 66). The Court previously entered a Temporary Restraining Order and Asset Freeze Order against all Defendants ("TRO"). (Doc. 9). Subsequently, the Court entered a Preliminary Injunction Order against all Defendants, which included a directive for financial institutions to freeze Defendants' assets. (Doc. 28, p. 6).

Defendant Lovestown (DOE 82) filed a Motion (Doc. 66) to place a cap on the amount of money subject to freeze under the Preliminary Injunction. Lovestown and Plaintiff conferred and agreed to a stipulated preliminary injunction which includes a cap of $3,000.00 on the asset freeze in the Preliminary Injunction Order.

Therefore, it is hereby **ORDERED** that a Preliminary Injunction Order is **ENTERED** against the Defendants as follows:

a)   For the duration of this action, Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order are hereby ordered to:

i)   cease and refrain from manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any infringing products;

ii)   cease and refrain from manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods bearing Plaintiff's works, or any confusingly similar works, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

iii)  cease and refrain from destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any infringing products;

iv)  cease and refrain from using Plaintiff's works on or in connection with any virtual storefront that Defendant may own, operate, or control on any online marketplace;

v)   cease and refrain from any and all use of Plaintiff's works on any webpage (including the title of any web page), in any advertising links to other

websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serve to direct computer searches to virtual storefronts registered, owned or operated by Defendant on any Marketplace; and

vi) cease and refrain from altering, disabling, closing, or transferring ownership of any virtual storefront on any online marketplace during the pendency of this action or until further order of the Court.

b) For the duration of this action, Defendant must preserve all documents and electronically stored information arising from or related to its sale, offer for sale, distribution, and advertising of infringing products through its virtual storefronts located on the online marketplaces.

c) For the duration of this action, all Financial Institutions (as defined in Plaintiff's motion) that receive actual notice of this Order shall continue to attach and freeze funds in any accounts owned, controlled, utilized by, or associated with Defendant and otherwise prohibit the transfer of any funds out of any such accounts and divert any frozen funds and any additional funds that may be transferred into the accounts into a holding account at the marketplace or the respective Financial Institution for the trust of the Court, with such frozen funds and/or holding accounts being held, maintained,

and/or located exclusively within the United States, by not more than the exact amount of $3,000.00.

d)   Upon service of a copy of this Order, Amazon shall immediately release to Defendant all funds in its Amazon financial account(s), except for the restraint of $3,000.00 mentioned in paragraph c above.

e)   Plaintiff's counsel shall serve a copy of this Order on Amazon within two (2) days of entry of this Order and shall provide counsel for Defendant with proof thereof.

f)   No funds restrained by this Order shall be transferred or surrendered by any Financial Institution or online marketplace for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of the Court.

g)   For the duration of this action and upon receipt of actual notice of this Order, each online marketplace on which a Defendant maintains a virtual storefront or account shall continue to freeze funds held or received by the marketplace for Defendant's benefit and disable Defendant's virtual storefronts on the marketplaces and any accounts associated with Defendant and cease providing any services to Defendant, up to and not exceeding the exact amount of $3,000.00.

h)   Plaintiff may notify the marketplaces and Financial Institutions of this Order by electronic means, including by electronic mail.

i)   This Order shall remain in effect for the duration of this action and until such time as a final judgment is entered.

j)   This Order shall apply to Defendant, its associated virtual storefronts on the marketplaces, and any other websites, domain names, seller identification names, e-commerce stores, or Financial Institution accounts which are being used by Defendant, its officers, agents, employees, and all persons in active concert or participation with any of them, for the purpose of advertising, offering for sale, and selling any infringing products at issue in this action and/or unfairly competing with Plaintiff.

k)   In accordance with the parties' agreement, the asset freeze implemented by the Preliminary Injunction Order is capped at $3,000.00 for Defendant Lovestown. Any surplus of frozen funds beyond this amount is released to this Defendant.

   **SO ORDERED** this _____ day of _____, 2026.


_____
**Mark H. Cohen**
**UNITED STATES DISTRICT JUDGE**

## <u>SCHEDULE A</u>

| Doe No. | Seller Alias | Platform |
|---|---|---|
| 82 | Lovestown | Amazon |